IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


GERALD W. PARKER                                          PLAINTIFF

V.                                NO. 16-2085

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]              DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Gerald W. Parker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). 42 U.S.C. §§ 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his application for DIB on November 4, 2013, alleging disability beginning August 1, 2011, due to back and neck problems and low pulse. (ECF No. 7, pp. 15, 175). An administrative hearing was held on November 25, 2014, at which Plaintiff appeared with counsel and testified. (ECF No. 7, pp. 24-55).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

After this hearing, on March 27, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (ECF No. 7, pp. 12-19). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on September 30, 2011. (ECF No. 7, p. 17, Finding 1). The ALJ found Plaintiff did not engage in Substantial Gainful Activity ("SGA") from August 1, 2011, his alleged onset date, through September 30, 2011, his date last insured. (ECF No. 7, p. 17, Finding 2). The ALJ determined Plaintiff did not suffer a medically determinable impairment during the relevant period. (ECF No. 7, p. 17-18, Finding 3). The ALJ subsequently determined Plaintiff had not been under a disability, as defined by the Act, from August 1, 2011, through September 30, 2011, his date last insured. (ECF No. 7, p. 19, Finding 4).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied his request on March 3, 2016. (ECF No. 7, pp. 5-8). On April 12, 2016, Plaintiff filed the present appeal with this Court. (ECF No.1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 8, 10).

## II.    Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III.    Discussion:

Plaintiff argues in this appeal that: 1) the ALJ failed to fully and fairly develop the record; and, 2) the ALJ erred at step two of the sequential evaluation process by excluding consideration of all treating source evidence outside the relevant time period, both preceding and subsequent evidence in close time proximity, and giving great weight to the subsequent non-examining source evidence. (ECF No. 8). At the outset, this Court notes that the relevant time period in this case is from August 1, 2011, Plaintiff's alleged onset date, through September 30, 2011, Plaintiff's date last insured.

The ALJ's finding, that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment during the relevant time period, is not supported by substantial evidence on the record as a whole. The ALJ stated as follows:

> There is no medical evidence in the record of a diagnosis or treatment of back pain, neck pain, or low pulse during the relevant time period, which is August 1, 2011 ([Plaintiff's] onset date) through September 30, 2011 ([Plaintiff's) date last insured).

> Accordingly, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured.

(ECF No. 7, p. 18). Although the ALJ is correct, that the record does not contain any evidence marked with a date during the relevant period, the ALJ has failed to discharge his duty to examine the record as a whole. *See* 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled.).

As stated previously, a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The ALJ must consider all the evidence in a claimant's case record. 20 C.F.R. § 404.1520(a)(3).

The record contains the results of diagnostic imaging of Plaintiff's back conducted on February 6, 2012, approximately four months after the close of the relevant time period. (ECF No. 7, pp. 232-33). Imaging revealed multilevel disc space height loss and other multilevel degenerative disc and joint findings, including asymmetric right and left disc bulges at L2-3, a diffuse disc bulge at L4-5, and an asymmetric left side disc bulge at L5-S1 with moderate left neuroforaminal narrowing. (ECF No. 7, p. 233). Thereafter, on February 15, 2012, Dr. Andrew Monfee reviewed the imaging findings with Plaintiff and diagnosed him with multilateral disc disease, consulted with Plaintiff about an epidural, and prescribed Meloxicam. (ECF No. 7, p. 246).

The record also contains evidence of Plaintiff's numerous visits with Dr. Jeffrey Snider, a chiropractor, between 2009 and 2011. (ECF No. 7, pp. 352-60). Plaintiff's last visit to Dr. Snider prior to the relevant period was on July 5, 2011, approximately one month prior to Plaintiff's alleged onset date. (ECF No. 7, p. 360). Plaintiff was diagnosed with cervicobrachial pain with disc herniation on the right and sacroiliitis not otherwise classified. *Id.* Plaintiff's treatment involved manipulation, electrical muscle stimulation, moist heat, pulsed ultrasound, and hydrotherapy. *Id.*

Plaintiff's degenerative disc disease was a medically determinable impairment during the relevant time period. The diagnostic imaging findings on February 15, 2012, subsequent to

the close of the relevant period, must be considered with the record as a whole. *See Grebenick v. Chater*, 121 F.3d 1193, 1199 (8th Cir. 1997) (The subsequent diagnosis of a degenerative disease must be considered with the record as a whole). While Plaintiff's chiropractor is not an "acceptable medical source" for purposes of establishing the existence of a medically determinable impairment, the February 15, 2012, diagnostic imaging is such a source, and Plaintiff's chiropractor is an acceptable "other" source to show "[t]he nature and severity of [Plaintiff's] impairment(s) for any period in question," and "[w]hether the duration requirement . . . is met." 20 C.F.R. §§ 404.1513(d)-(e). Upon examination of the record as a whole, it is clear the diagnostic imaging conducted on February 6, 2012, and the subsequent diagnoses of multilateral disc disease by Dr. Monfee on February 15, 2012, are acceptable medical sources to establish the existence of a medically determinable impairment, and Plaintiff's chiropractic records from July 5, 2011, require this Court to conclude that Plaintiff's alleged back impairment existed for at least seven months prior to Dr. Monfee's diagnosis, a period of time which includes the relevant period. Accordingly, the Commissioner's decision was not based on the substantial evidence in the record as a whole.

**V.    Conclusion:**

Although Plaintiff's degenerative disc disease was a medically determinable impairment during the relevant time period, this Court makes no findings with regard to the severity of Plaintiff's degenerative disc disease or the functional limitations Plaintiff may have suffered during the relevant period. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ shall further evaluate the evidence and make a disability determination, subject to this Court's later review. Furthermore, the ALJ shall re-contact Plaintiff's treating physicians who provided medical

source statements in Plaintiff's case. The ALJ shall provide those physicians with a complete copy of Plaintiff's medical file and direct the physicians to opine as to the nature and severity of Plaintiff's medically determinable impairments during the relevant period and any functional limitation Plaintiff may have suffered therefrom.

Upon receipt of these assessments, Plaintiff shall then be given the opportunity to appear and testify at a new administrative hearing regarding his application for benefits. The ALJ shall then return to step two of the sequential evaluation process and determine whether any of Plaintiff's medically determinable impairments, either alone or in combination, are severe within the meaning of the Act. Should the ALJ then determine Plaintiff's impairments or the combination of his impairments are not of a severity to meet or medically equal the criteria of an impairment in the Listings, he shall determine Plaintiff's RFC. Then, should the ALJ determine Plaintiff cannot return to his PRW, the ALJ shall procure the expert testimony of a VE and present to him or her a hypothetical question which includes those impairments that the ALJ finds are substantially supported by the record as a whole and are indicated in the ALJ's RFC determination.

Accordingly, the undersigned recommends reversing the ALJ's decision, and remanding Plaintiff's case to the Commissioner for further development and consideration of the record as set forth above.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of March, 2017.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE